Agustin RAMIREZ; Anthony Ramirez; Agustin Ramirez, Jr., Plaintiffs–Appellees,

v.

Mario SOTELO; Ricardo Tarazon; Arturo Beltran; Jorge Guzman, Defendants–Appellants,

and

Juan Antonio Sotelo, Defendant.

No. 14–55571.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 19, 2014.

Filed Dec. 5, 2014.

Steven J. Eyre, Law Office of Steven J. Eyre, Los Angeles, CA, for Plaintiffs–Appellees.

Steven J. Eyre, Law Office of Steven J. Eyre, Los Angeles, CA, for Defendants–Appellants.

Before: W. FLETCHER and BYBEE, Circuit Judges, and SINGLETON, Senior District Judge.[*]

MEMORANDUM [**]

Mario Sotelo appeals the district court's issuance of a preliminary injunction prohibiting him from using the name "Los Caminantes" or any similar form of the name. Sotelo argues that he was a partner in the band known as Los Caminantes pursuant to California law and that plaintiff Agustin Ramirez holds the trademark in constructive trust for the former partnership. We review a district court's grant of a preliminary injunction for abuse of discretion. *Herb Reed Enters. LLC v. Florida Entm't Mgmt., Inc.,* 736 F.3d 1239, 1247 (9th Cir.2013). The district court must support a preliminary injunction with findings of fact, which we review for clear error. *Perfect 10, Inc. v. Amazon.com Inc.,* 508 F.3d 1146, 1157 (9th Cir.2007). We review a district court's conclusions of law de novo. *Id.*

. Because Sotelo did not offer any evidence beyond his declaration to show that he was a partner in Los Caminantes, *see Weiner v. Fleischman,* 54 Cal.3d 476, 286 Cal.Rptr. 40, 816 P.2d 892, 897 (1991), and Ramirez offered evidence to the contrary, the district court properly concluded that Ramirez demonstrated a likelihood of success on the merits. Moreover, the district court did not clearly err in concluding that

---

* The Honorable James K. Singleton, Senior District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Sotelo's continued use of the Los Caminantes mark would irreparably harm its reputational value. *See Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 422 F.3d 782, 795 (9th Cir.2005). Furthermore, because the district court did not err in finding that Ramirez is likely to show that Sotelo was not a partner in Los Caminantes, Sotelo's corresponding balance of equities argument also fails. Finally, Sotelo does not argue on appeal that Ramirez has failed to show that the public interest favors a preliminary injunction. Therefore, any argument based on this factor is waived. *See Planned Parenthood Ariz., Inc. v. Humble*, 753 F.3d 905, 917–18 (9th Cir.2014). In sum, the district court did not abuse its discretion in entering a preliminary injunction against Sotelo and, accordingly, we affirm.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.